Court

# IN THE SUPERIOR COURT
# OF GUAM

CARL T.C. GUTIERREZ, )   Civil Case no. CV1786-10
                     )
        Plaintiff,   )
                     )
    vs.              )
                     )   **DECISION AND ORDER**
VINCENT AKIMOTO, M.D., DOUGLAS B. )   re: Motion to Dismiss & Request for
MOYLAN and JOHN DOES 1-100 )   Reimbursement of Attorney's Fees &
DEFENDANTS,          )   Court Costs
                     )
                     )
        Defendants.  )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on December 20, 2011. The Plaintiff was represented by attorney Delia Lujan Wolff. Defendants were represented by attorney Curtis C. Van de Veld. After considering the matters presented, the court now issues the following decision and order granting Defendant's motion to dismiss.

## BACKGROUND

The instant matter arises out of a complaint filed by the Plaintiff on October 20, 2010. In the complaint Plaintiff asserts claims for malicious prosecution, abuse of process, intentional and/or negligent infliction of emotional distress, and punitive damages. The complaint alleges that the Defendants' actions in Civil Case No. CV1011-02 form the basis for the above mentioned claims. Before the court now is Defendants' motion to dismiss and request for reimbursement of attorney's fees and court costs. More specifically, Defendants move to dismiss the instant action for Plaintiff's failure to timely serve the complaint and failure to prosecute.

## DISCUSSION

**Failure to Timely Serve the Complaint**

G.R.C.P. Rule 4(m) requires dismissal of an action if service of the summons and

complaint is not made upon the defendant within 180 days after the filing of the complaint. The court can extend the time for service if the Plaintiff shows good case for the failure. Rule 4(m) states,

> (m) Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 180 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

G.R.C.P. Rule 4(m). Defendants argue the instant case should be dismissed because the Plaintiff failed to timely serve process under Rule 4(m). They also assert that Plaintiff has failed to show good cause for his failure to timely serve them with the summons and complaint.

In the instant case, the Defendants were not served until August 10th and 11th of 2011, which is almost 10 months after the complaint was filed. Thus, the court finds that Plaintiff failed to serve the Defendants within the 180 days as required by Rule 4(m). The court also finds that Plaintiff has not shown good cause for this failure. Plaintiff asserts that good cause existed due to the continued activity in CV1011-02. The court finds this reason to be without merit because service in this case does not hinge upon the activity in another case. For these reasons the court finds that Plaintiff failed to timely serve the complaint upon Defendants in accordance with G.R.C.P. Rule 4(m).

**Failure to Prosecute**

When prosecuting an action, the rule is that a plaintiff is required to act with reasonable diligence. *Moore v. Telfon Communications Corp.*, 589 F.2d 959, 967 (9th Cir. 1978) (citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). According to the G.R.C.P. Rule 41(b), when a plaintiff fails to "prosecute or to comply with these rules or any order of court, a

defendant may move for dismissal of an action or of any claim against the plaintiff." *Santos v. Carney*, 1997 Guam 4 ¶ 5.

Since the G.R.C.P. does not define when a "failure to prosecute" is appropriate under Rule 41(b), this jurisdiction looks to the Ninth Circuit's five-factor test to make such a determination: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Santos*, 1997 Guam 4 ¶ 5 (quoting *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994)).

The first two factors, the public's interest in expeditious resolution of litigation and docket management, are ordinarily considered together. *Id.* The record reflects that over a year has passed with nothing having been done by the Plaintiff to move this case along. Plaintiff claims that on December 6, 2011, he sent initial disclosures and a draft for a proposed scheduling order and discovery plan. The court however, notes this occurred on the same day that the Defendants filed the instant motion to dismiss and approximately 14 months after the complaint was filed. Plaintiff's case has not advanced much towards resolution. With that said, the first two factors weigh in favor of dismissal.

Next, the court considers the third factor. The burden is on the plaintiff to show that the delay is reasonable, and that the defendant is not prejudiced by the delay. *Santos*, 1997 Guam 4 ¶ 5. If there is a reasonable excuse for the inaction, which there is not in this case, then the burden shifts to the defendant who must then demonstrate prejudice. *Id.* Late answers may be excused where there is no showing of prejudice to the defendant. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1987). In the present case, Plaintiff has failed to meet its burden; therefore, the court presumes the Defendant was prejudiced. Presumed prejudice is sufficient to support a dismissal under GRCP 41(b). *Santos* at ¶ 8. The court finds that the third factor also favors dismissal.

The fourth factor stresses the need for courts to resolve cases on the merits. *Santos*, 1997 Guam 4 ¶ 9. However, the public policy of determining cases on their merits should not be used defensively as a shield by a passive plaintiff who has failed in his obligation to prosecute the defendants with the vigor expected of a plaintiff. *Id.* The court finds that this factor would ordinarily weigh against dismissal because it is important to dispose of the merits of Plaintiff's claim. However, the court is in a unique position of foresight because, even now, Plaintiff has continued to allow its case to remain at a standstill.

After applying the Rule 41(b) test, and weighing such factors as the courts have interpreted them, the motion to dismiss is granted. Plaintiff has failed to meet its burden as to establishing the reasonableness for the delay, and the Defendants have sufficiently showed prejudice arising from such delay.

## CONCLUSION

Based on the foregoing, the court finds that the Plaintiff failed to timely serve the complaint upon Defendants in accordance with G.R.C.P. Rule 4(m). The court also finds that the plaintiff has not acted with reasonable diligence in prosecuting his action which violated G.R.C.P. Rule 41(b). Therefore, the court GRANTS Defendants' motion to dismiss. The court DENIES their request for reimbursement of attorney's fees and court costs.

MAR 2 6 2012

SO ORDERED, this _____ day of _____ 2012.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full, true, and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

MAR 2 6 2012


James R. Borja
Deputy Clerk, Superior Court of Guam

Page 4 of 4